FILED
2024 DEC 6 AM 11:14
CLERK
U.S. DISTRICT COURT

Jenny J. Lee and David G. White
Plaintiffs, *pro se*
1217 Garden Street
Hoboken, NJ 07030
ironmite@gmail.com      201 873 5853
dgwhite0@gmail.com     201 214 1337

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

JENNY J. LEE and DAVID G. WHITE,

    Plaintiffs, *pro se,*

v.

WESTERN SPIRIT ADVENTURES, aka WESTERN SPIRIT CYCLING, on information and belief, a domestic Utah corporation,

    Defendants.

Case: 4:24-cv-00099
Assigned To : Kohler, Paul
Assign. Date : 12/6/2024
Description: Lee et al v. Western Spirit Adventures

Civil action #

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, *pro se*, Jenny J. Lee ("Lee") and David G. White ("White") (together, sometimes, "Plaintiffs"), with an address at 1217 Garden Street, Hoboken, New Jersey, by way of complaint against the Defendant, Western Spirit Adventures, aka Western Spirit Cycling ("Western Spirit") state:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 in that the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## INTRODUCTION

2. This is an action for personal injuries and related damages sustained on a bicycle trip (the "Trip") conducted by Defendant; Lee subscribed to the Trip in reasonable reliance on Defendant's representations with regard to its degree of difficulty; Defendant's representations negligently and carelessly understated the degree of difficulty involved, which negligence invalidates the waiver on which Defendant relies to escape liability.

## PARTIES

3. Plaintiffs are residents of the State of New Jersey.

4. Defendant, Western Spirit Adventures, aka Western Spirit Cycling ("Western Spirit"), is a corporation organized under the laws of the State of Utah with a place of business at 478 Mill Creek Dr., Moab, Utah 84532

5. Western Spirit conducts business as an outfitter specializing in guided bicycle trips.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

6. In or around December 2023, Plaintiffs contacted Western Spirit with regard to its advertised, guided bicycle trip on the White Rim Trail outside Moab, Utah (the "Trip").

7. Western Spirit's website described the Trip as appropriate for "all levels of riders."

8. In order to confirm the representation regarding the degree of difficulty, Plaintiffs contacted Western Spirit by telephone and discussed details of the Trip, particularly its difficulty and appropriateness for Lee's intermediate level of proficiency.

9. In several conversations, Western Spirit's representatives confirmed and amplified the representation on its Website about the appropriateness of the Trip for all levels of riders, stating as the only caveat that certain sections were sandy and might require walking the bicycles.

10. Western Spirit holds itself out as an expert in guided mountain bike trips around the Moab, Utah area with some 30 years of experience.

11. Western Spirit had a pecuniary interest in Plaintiffs joining the Trip.

12. Plaintiffs reasonably relied on Western Spirit's expertise and representations about the nature of the Trip.

13. On or about January 4, 2024, Plaintiffs signed up for the Trip at a cost of $3,407.00.

14. The degree of difficulty involved in the Trip far exceeded Western Spirit's representations.

15. Lee reasonably relied on Western Spirit's representations as to the degree of difficulty involved in the Trip.

16. As a result of that reliance, Lee found herself in a situation beyond her abilities.

17. As a consequence, she was thrown over the handlebars on a steep descent (the "Accident").

18. Lee suffered severe injuries in the Accident, including a comminuted fracture of the left humerus, which will occasion a permanent loss of strength and mobility, with the likelihood of arthritic complications; widespread bruising and contusions; and severe pain and suffering.

19. In addition to personal injuries, Plaintiffs incurred expenses including costs of unanticipated travel, lodging and additional charges to return east for emergency medical treatment.

20. In connection with the Trip, Western Spirit had Plaintiffs sign a waiver (the "Waiver"), intended to exonerate Western Spirit from all liability for personal injury or property damage.

21. As set forth below, the Release, having been obtained among other things on the basis of negligent misrepresentation, is ineffective. *Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 59 (Utah 1986)

## COUNT ONE—NEGLIGENT MISREPRESENTATION

22. Plaintiffs repeat the foregoing paragraphs.

23. Western Spirit made representations regarding the degree of difficulty involved in the Trip.

24. The Trip's degree of difficulty was a material factor in Plaintiffs' decision to undertake the Trip.

25. The representations as to the degree of difficulty made by Western Spirit were false or exceedingly inaccurate.

26. Western Spirit's representations about the degree of difficulty were made carelessly or negligently.

27. Western Spirit had a pecuniary interest in having Plaintiffs sign up for the Trip.

28. Western Spirit was in a superior position to know the material facts with regard to conditions on the Trip.

29. Western Spirit should have reasonably foreseen that Plaintiffs were likely to rely on its representations.

30. In reliance on Western Spirit's representations, Lee signed up for the Trip.

31. Because of Western Spirits' inducement, Lee suffered severe and permanent injuries and sustained unanticipated expenses connected to returning home on short notice to undertake medical treatment.

32. By reason of the foregoing, Lee was injured by reasonable reliance upon Western Spirit's careless or negligent misrepresentation of a material fact, where Western Spirit: (a) had a pecuniary interest in the transaction; (b) was in a superior position of know the material facts; and (c) should have reasonably foreseen that she was likely to rely upon the its representations.

WHEREFORE, Plaintiffs demand judgment:

    A.    Declaring the Release to be invalid and ineffective as to Lee;

    B.    For compensatory damages together with interest; and,

    C.    For such other relief as the Court may deem appropriate.

**COUNT TWO, NEGLIGENCE CLAIMS ARE UNAFFECTED BY THE RELEASE**

33. Plaintiffs repeat the preceding allegations.

34. The Release is a contract subject to general rules of contract interpretation and construction.

35. Western Spirit made representations to Plaintiffs (the "Representations") that the Trip was suitable for riders of all levels.

36. The Representations concerned a presently existing, material condition.

37. The Representations were false.

38. Western Spirit either (a) knew the Representations to be false or (b) made them recklessly, knowing that there was insufficient knowledge upon which to base such a representation.

39. The Representations were made for the purpose of inducing Plaintiffs to act upon them.

40. Lee, acting reasonably and in ignorance of their falsity, did in fact rely upon the Representations and was thereby induced to sign up for the Trip.

41. As a result of the foregoing, Lee sustained severe, painful and permanent injuries.

42. For the reasons set forth in Count One, the Release is also invalid under contract law.

43. Accordingly, the Release is ineffective and invalid against Lee's negligence claims.

44. By reason of the foregoing, Lee's negligence claims are not affected by the Release.

WHEREFORE, Plaintiffs demand judgment:

    A.    For compensatory damages together with interest; and

B.      For such other relief as the Court may deem appropriate.

### COUNT THREE—NEGLIGENCE

45.      Plaintiffs repeat the preceding allegations.

46.      As part of the Trip, Plaintiffs rented bicycles from Western Spirit.

47.      The bicycle supplied by Western Spirit to Lee was inappropriately sized.

48.      Most riders on the Trip had their own bicycles, with which they were familiar.

49.      Lee, however, was unfamiliar with the particulars of the bicycle rented from Western Spirit.

50.      At the start of the Trip, Western Spirit's guides delivered a perfunctory, at best, introduction (the "Introduction") to the functions of the rented bicycle to Lee.

51.      The Introduction was inadequate.

52.      The first leg of the Trip traversed a steep descent along a sharp drop-off, which Lee commenced under Western Spirit's lead.

53.      Because of the challenging terrain, the incorrect size of, and Lee's untutored, unfamiliarity with, the rented bicycle, Lee was thrown over the handlebars.

54.      Western Spirit failed to provide Lee with an appropriately sized bicycle, failed to adequately instruct her regarding its features and failed to provide adequate time to become accustomed to it.

55.      As a result, Lee was injured and sustained additional expenses.

56.      By reason of the foregoing, Western Spirit is liable to Lee in negligence.

WHEREFORE, Plaintiffs demand judgment:

A.      For compensatory damages, together with interest;

   B.  For such other relief as the Court may deem appropriate.

### COUNT THREE—LOSS OF CONSORTIUM

57. Plaintiffs repeat the foregoing allegations.

58. White is Lee's husband.

59. As a result of Lee's injuries, White had to forego the Trip.

60. In addition, White has been deprived of Lee's services and companionship.

61. By reason of the foregoing, Western Spirit is liable to White for loss of consortium.

WHEREFORE, Plaintiffs demand judgment:

   A.  For compensatory damages together with interest;

   B.  For such other relief as the Court may deem appropriate.

### DEMAND FOR TRIAL BY JURY

62. Plaintiffs hereby demand trial by jury of all claims so triable.

Jenny J. Lee and David G. White
Plaintiffs, *pro se*
1217 Garden Street
Hoboken, NJ 07030
ironmite@gmail.com    201 873 5853
dgwhite0@gmail.com   201 214 1337



December 6, 2024